United States District Court
Southern District of Texas
**ENTERED**
August 23, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EARL MCBRIDE, JR., (TDCJ-CID #315371) | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-16-2012 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

## MEMORANDUM AND OPINION

The petitioner, Earl McBride, Jr., seeks habeas corpus relief under 28 U.S.C. § 2254, challenging the denial of release to parole. The threshold issue is whether this federal petition is subject to dismissal for failure to state a violation of a federally protected right.

A state-court jury found McBride guilty of the felony offense of capital murder. (Cause Number 318250). On February 4, 1981, the court sentenced McBride to life imprisonment. On July 5, 2016, McBride filed this federal petition. McBride contends that:

(1)   the Texas Board of Pardons and Paroles ("Board") denied him a proper revocation process;

(2)   the Board violated his right to equal protection of the law because it failed to consider his eligibility for release to parole; and

(3)   the Board violated the Ex Post Facto Clause by retroactively applying a more stringent standard for determining eligibility for release to parole.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-16). The court has examined the petition based on "the duty of the court to screen out frivolous applications and eliminate the burden

that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes; *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999).

McBride states that on January 14, 2014, the Board granted him release on parole within 60 days. On May 30, 2014, he received his parole certificate. On July 30, 2014, his parole was revoked and he was given a 3-year set off. McBride states that he was informed that in July 2017 the Board would consider his release to parole. He states that 6 out of 7 Board members voted to release him to parole. (Docket Entry No. 1, p. 12). McBride argues that the Board improperly denied him parole.

The law is clear that McBride has no constitutional right to parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995). There is no constitutional expectancy of parole in Texas, *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison,* 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18, § 8(a)).[1] Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (citing *Orellana,* 65 F.3d at 32). McBride's argument that he is entitled to be considered for release on parole at a particular time lacks merit.

McBride's challenges to the denial of parole lack merit. This case is dismissed. His motion to proceed without prepaying costs, (Docket Entry No. 3), is granted. Any remaining pending motions are denied as moot.

---

[1] The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest arising out of state parole statutes. *See Madison v. Parker,* 104 F.3d at 768; *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied,* 116 S. Ct. 736 (1996); *Gilbertson v. Tex. Bd. of Pardons and Paroles,* 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene,* 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied,* 501 U.S. 1210 (1991).

The Supreme Court has stated that the showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). If a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484. The court has denied McBride's petition after careful consideration of the merits of his constitutional claims. The court declines to issue a certificate because McBride has not made the necessary showing.

SIGNED on August 22, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge