United States District Court
Southern District of Texas
FILED
JUN 0 5 2018
David J. Bradley, Clerk of Court

United States Court of Appeals
Fifth Circuit
FILED
May 14, 2018
Lyle W. Cayce
Clerk

No. 16-20626
Summary Calendar

EARL MCBRIDE, JR.,

Petitioner–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2012

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Petitioner Earl McBride, Jr., Texas inmate # 315371, was convicted of capital murder in 1980 and sentenced to a life term of imprisonment. In 2016, McBride filed a 28 U.S.C. § 2254 petition asserting constitutional claims based on his factual allegation that he had been paroled in 2014 but his parole was improperly revoked before he was released. He specifically denied that he was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging any discretionary decision to grant or deny him parole. Without ordering a response and without the benefit of any state court records, the district court dismissed McBride's claims as a meritless challenge to a denial of parole. This court granted a certificate of appealability as to "whether the district court correctly dismissed [McBride's] constitutional claims as predicated on a denial, rather than a revocation, of parole."

Denial of parole and revocation of parole are subject to different constitutional standards. *See Morrissey v. Brewer*, 408 U.S. 471, 482-84 (1972); *Jennings v. Owens*, 602 F.3d 652, 657 (5th Cir. 2010); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). The district court did not analyze McBride's claims under the standard applicable to revocation of parole and the limited record does not conclusively establish McBride's parole status. Merits briefing has not clarified matters. Accordingly, we conclude that the district court misconstrued the basis of McBride's constitutional claims and prematurely dismissed his § 2254 petition. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). We therefore vacate the judgment and remand for further proceedings consistent with this opinion. McBride's motion for appointment of counsel, construed as a motion for reconsideration of the denial of the original motion to appoint counsel, is denied without prejudice to reurging the motion on remand.

JUDGMENT VACATED AND REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED WITHOUT PREJUDICE.